UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| EZRA LAWRENCE BEDESKI, | NO: 2:16-CV-0163-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 15; 20). This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

//

//

//

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe as or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Bray*, 554 F.3d at 1222.

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on October 12, 2012, alleging a disability onset date of October 12, 2007, but the Administrative Law Judge found a past denial of benefits only allowed for consideration of an onset date of December 5, 2009. Tr. 11. These applications were denied initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 11. A hearing was held before an ALJ on October 1, 2014. Tr. 11. The ALJ rendered a decision denying Plaintiff benefits on November 14, 2014. Tr. 28.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through September 30, 2011. Tr. 14. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 5, 2009, the relevant, alleged onset date. Tr. 14. At step two, the ALJ found that Plaintiff had the following severe impairments: back and neck pain;

tremors; irritable bowel syndrome; mild obesity; depressive disorder; generalized anxiety disorder; and personality disorder not otherwise specified. Tr. 14. At step three, the ALJ found that Plaintiff's severe impairments did not meet or medically equal a listed impairment. Tr. 21. The ALJ then determined that Plaintiff had the residual functional capacity to:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) He can frequently climb ramps and stairs, balance, stoop, kneel, and crouch; occasionally crawl; and never climb ladders, ropes, or scaffolds. He can frequently push and pull bilaterally, and frequently use foot pedals bilaterally. He is capable of frequent handling, fingering, and feeling with the bilateral upper extremities. He should avoid more than moderate exposure to vibration and all exposure to hazards, such as unprotected heights and dangerous moving machinery. He is able to understand, remember, and carry out simple, routine, and repetitive tasks and instructions. He is able to maintain attention and concentration and a steady pace for the 2-hour intervals between regularly scheduled breaks for 40-hour workweek. He is capable of no more than brief and superficial (defined as non-collaborative) interaction with the public and coworkers. Instructions should be verbal or demonstrated and reading /writing should not be an essential job function.

Tr. 22-23. At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a fast food worker and cashier II. Tr. 27. The ALJ concluded that the claimant has not been under a disability from December 5, 2009 through the date of the decision. Tr. 27.

The Appeals Council denied Plaintiff's request for review on April 5, 2016, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-3; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ISSUES

Plaintiff raises one issue for review: "Did the ALJ fail to properly consider and weigh the opinion evidence?" ECF No. 15 at 12.

DISCUSSION

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons

that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). Regardless of the source, an ALJ need not accept a physician's opinion that is "brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

**Opinion of Dr. Arnold**

As noted by Plaintiff:

> Mr. Bedeski was evaluated by John Arnold, Ph.D. on July 3, 2014. (TR 819-23) Dr. Arnold diagnosed: bipolar disorder, NOS with psychotic features; PTSD, delayed onset, chronic; and personality disorder with ASPD and borderline features. The GAF rating was 52. Dr. Arnold concluded that Mr. Bedeski would have a severe limitation (inability to perform the particular activity in regular competitive employment or outside of a sheltered environment) in two work-related areas, i.e., the ability to: (1) communicate and perform effectively in a work setting; and (2) maintain appropriate behavior in a work setting. There were five other areas where Mr. Bedeski would have marked limitations (very significant limitation on the ability to perform one or more basic work activity), i.e., the ability to: (1) understand, remember, and persist in tasks by following detailed instructions; (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (3) learn new tasks; ( 4) adapt to changes in a routine work setting; and ( 5) complete a normal workday and work week without interruptions from psychologically based symptoms. (TR 821)

ECF No. 15 at 8-9 (citations in original).

Plaintiff argues that the ALJ erred in according little weight to the opinion of Dr. Arnold, reasoning that the ALJ's given rationale, on its face, does not constitute a specific and legitimate reason for rejecting the opinion. ECF No. 15 at

13-14. Plaintiff contends that the ALJ failed to consider that Dr. Arnold had the benefit of a clinical interview, mental status exam, and review of records. ECF No. 15 at 14

Because Dr. Arnold's opinion was contradicted, the ALJ only needed to provide specific and legitimate reasons that are supported by substantial evidence. The ALJ easily met this standard.

The ALJ accorded little weight to the DSHS opinion of Dr. Arnold. Tr. 26. The ALJ reasoned that the Dr. Arnold's diagnoses are (1) not supported by the record <u>and</u> (2) that his assessment of moderate, marked, and severe limitations in the ability to perform basic work activity appears to be based on the claimant's self-reports. Tr. 26. Notably, the ALJ preceded this finding by discussing several tests that suggest malingering, Tr. 25, Dr. Dalley's initial diagnosis of malingering, Tr. 26, the claimants self-admitted issues with lying, Tr. 24, Nurse Martin's report on two occasions that he suspected malingering, Tr. 25, and the claimant's statements that he thought he could work and that people around him wanted him to apply for SSI and DSHS because most of them were on these benefits, Tr. 24-25.[1] Notably, the record is otherwise replete with inconsistencies in the claimant's

---

[1] Plaintiff did not attempt to counter the claims of malingering.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 10

reports.[2] The ALJ also noted that the evaluation was based on DSHS agency rules, which are "much more relaxed than those used for Social Security disability purposes, and are not binding on the Social Security Administration." Tr. 26.

Moreover, the report provided by Dr. Arnold demonstrates claimant's statements to Dr. Arnold are inconsistent with other statements in the record: claiming he had hallucinations since age 15-16, Tr. 819, despite a previous statement that he does not have hallucinations, Tr. 456, denying illegal drug use, despite previous use of methamphetamine, Tr. 523; and special education in all subjects for the most part, despite school records indicating he was only in special education for reading, Tr. 684. Further, Dr. Arnold's opinion states that the claimant will be impaired for a duration of 18 months and that the claimant was within normal limits for thought process and content, orientation, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgment. Tr. 821-23.

---

[2] For example, the claimant denied having hallucinations but then later stated he has had them since age 15-16; and stated he was in special education for "all" subjects but the school records indicate he was in special education only for reading. Tr. 24.

The ALJ specifically noted that mental status exams "are significant for being attentive, cooperative, pleasant, oriented and alert, good insight and judgment, and good impulse control with normal memory and attention span." Tr. 24. The ALJ also recognized the opinion of Dr. Dalley that "he did not observe any manic behaviors, anxiety, depression, anger, or manic behaviors or difficulty concentrating, no indication of loosened association, tangentially, or circumstantiality in his thought process, and in the later evaluation reported a borderline valid PAI." Tr. 26.

These are specific, legitimate reasons for discounting the opinion and are supported by substantial evidence.

**Opinion of Dr. Vassey**

Although Plaintiff's Motion for Summary Judgment (ECF No. 15) argues that "[h]ad Dr. Arnold's and Dr. Vassey's opinions been properly considered, at a minimum, Mr. Bedeski's residual functional capacity determination would be assessed differently," ECF No. 15 at 16, the Motion only directly addresses the ALJ's decision with respect to Dr. Arnold and only briefly mentions in passing that Dr. Vassey is more qualified than Dr. Martin and is thus entitled to controlling weight, ECF No. 15 at 14. This argument is notably lacking in substance and is insufficient to support Plaintiff's Motion. *Maldonado v. Morales*, 556 F.3d 1037, 1048, n.4 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed

are waived.") (citing *Halicki Films, L.L.C. v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1229–30 (9th Cir. 2008)). Regardless, documentation from Dr. Vassey is limited and conclusory, Tr. 783, and otherwise indicates the claimant was able to control his thoughts and behavior with medication, TR. 569. The records provided by Dr. Vassey are otherwise unremarkable, and Plaintiff's motion only notes that Dr. Vassey prepared a report dated June 17, 2014, stating: "I am Ezra Bedeski's current treating psychiatrist. He is being treated for diagnoses including bipolar I disorder with psychotic features, generalized anxiety disorder, posttraumatic stress disorder." ECF No. 15 at 8. This is conclusory at best.

Defendant is entitled to summary judgment.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 20) is **GRANTED**.

The District Court Executive is directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** April 28, 2017.



THOMAS O. RICE
United States District Judge